Michael K. Brown (SBN 104252)
Email: mkbrown@reedsmith.com
Eric J. Buhr (SBN 217528)
Email: ebuhr@reedsmith.com
Kevin G. Lohman (SBN 222678)
Email: klohman@reedsmith.com
Kevin M. Hara (SBN 221604)
Email: khara@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorney for Defendants
C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SPRING STREET COURTHOUSE

| | |
|---|---|
| SUZY STONE; JONATHAN STONE; JESSICA STONE,<br><br>Plaintiffs,<br><br>vs.<br><br>C.R. BARD, INC., BARD PERIPHERAL VASCULAR, INC.; and DOES 1 TO 100,<br><br>Defendants. | Case No. 2:14-cv-8871-FMO-PJW<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**<br><br>[Filed concurrently with [Proposed] Order]<br><br>[Assigned To The Honorable Fernando M. Olguin, Ctrm. 22, And, For Discovery Purposes Only, To The Honorable Patrick J. Walsh, Magistrate Judge, Ctrm. 23] |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Case No. 2:14-cv-8871-FMO-PJW

Subject to the approval of the Court, the parties, by respective counsel, pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, agree to the entry of this Confidentiality Stipulation and Protective Order (the "Order"), which shall apply to confidential information. Accordingly, the parties agree to the following terms regarding the preservation of the confidentiality of certain documents, materials, electronically-stored information, or other things disclosed and produced in this litigation that contain trade secrets or other confidential research, development or commercial information, as well as other information protected from disclosure by applicable law:

1. For purposes of this Order, "Confidential Information" shall mean all documents, materials, electronically-stored information, or other things, or portions thereof (and the information contained therein) that are designated by any party with the following:

CONFIDENTIAL. This document is subject to the Protective Order entered by the United States District Court, Central District of California, in Case No. 2:14-cv-8871-FMO-PJW

or

CONFIDENTIAL – Subject to Protective Order

or

CONFIDENTIAL.

The term "documents, materials, electronically-stored information, or other things" shall include but not be restricted to, all interrogatory answers, responses to requests for production, deposition testimony, and deposition exhibits. A party that receives documents, materials, electronically-stored information, or other things from the other party that has been designated or branded as "CONFIDENTIAL" under the terms of this order is prohibited from removing that branding from those documents, materials, electronically-stored information, or other things.

2. All documents, materials, electronically-stored information, or other things designated as "CONFIDENTIAL" shall be treated as confidential pursuant to the terms of this Order until further order of this Court. The designation by any party of Confidential Information raises no presumption that the items designated are entitled under the law to protection. If any party contends that any document, material, electronically-stored information, or other thing has been erroneously designated as confidential, the parties shall nevertheless treat that document, material, electronically-stored information, or other thing as confidential unless and until either (a) the producing party gives written permission to do otherwise or (b) the Court rules that the document, material, electronically-stored information, or other thing shall not be treated as confidential. If any party contends in writing that any document, material, electronically-stored information, or other thing has been erroneously designated as confidential, the party who made the confidential designation must file a motion with the Court within forty-five (45) days of receiving such written notification. If the designating party fails to timely file such motion, document, material, electronically-stored information, or other thing, it shall forthwith be produced and be deemed non-confidential. Should the Court rule that any item designated confidential is not entitled under the law to protection, the designating party shall, within twenty-one (21) days after all appeals to the United States Court of Appeals for the Ninth Circuit are exhausted, provide the party challenging the confidential designation with copies of each item free of any language indicating that the item is subject to a Protective Order.

3. Nothing in this Order shall be deemed to shift the burden of proof to the party challenging the confidential designation with regard to whether the materials produced pursuant to this Order are entitled to confidential treatment. Moreover, nothing in this Order shall be deemed a waiver of any parties' right to oppose any motion by any other party for a protective order or to oppose any objection to the disclosure of any information or documents on any legal grounds, including, but not

limited to, the grounds that the party seeking the protective order has neither timely nor adequately objected to disclosure of such documents and information or moved for a protective order.

4. Nothing in this Order shall be deemed a waiver of any parties' right to oppose discovery on grounds other than that the documents and information sought constitute or contain Confidential Information, or to object on any ground to the admission in evidence, at the trial of this action, of any Confidential Information.

5. A designating party wishing to file any pleading, motion, or other documents with the Court that contains Confidential Information shall follow the procedures set forth in the Under Seal Pilot Program for the Central District of California ("Pilot Program").

6. Any non-designating party wishing to file any motion, pleading, or other document with the Court that contains Confidential Information subject to this protective order shall not file the material with the Electronic Case Filing System, but instead shall file a Notice of Manual Filing or Lodging and shall lodge the Confidential Information directly with the Court, subject to a motion to seal that shall be filed by the designating party pursuant to the Pilot Program. The parties agree that any Confidential Information submitted in connection with any motion, pleading, or other document shall relate directly to this action and the subject matter of the motion, pleading, or document at issue. The parties agree that the lodging of any motion, pleading, or other document containing Confidential Information shall not become part of the public record, subject to the Court's determination on a motion to seal. The designating party shall file a motion to seal within twenty business days after such notice or such other time period as the Court may order, pursuant to the Pilot Program.

7. All Confidential Information shall be used for the purpose of this lawsuit only, and except as permitted by this Order, the parties, and their respective attorneys shall not give, show or otherwise divulge or disclose the substance of the Confidential

1 Information, or any copies, prints, negatives or summaries thereof to any person or
2 entity.

3   8.   Within the confines of this litigation, the parties and their respective
4 attorneys are free to share the information contained in the documents with attorneys
5 or other office personnel who are working on this case, including technical consultants
6 and/or experts who are assisting counsel in the prosecution of this case. Counsel for
7 the parties in this case agree that all persons working on this matter will be made
8 aware of the terms of this Order and be instructed that they are bound by this Order.

9   9.   Within the confines of this litigation, if Confidential Information is to be
10 disclosed to technical consultants and/or experts to assist in the preparation of this
11 matter for trial, the counsel for the party disclosing such information shall require each
12 of them to execute an Agreement to Maintain Confidentiality in the form annexed
13 hereto as Exhibit "1." All persons receiving or given access to Confidential
14 Information in accordance with the terms of this Order consent to the continuing
15 jurisdiction of this Court for the purposes of enforcing this Order and remedying any
16 violations thereof.

17   10.   Counsel for the parties shall maintain a list of the names of all persons to
18 whom the Confidential Information is disclosed until such time as all Confidential
19 Information covered by this Order are returned to counsel for the party who provided
20 the Confidential Information set forth elsewhere in this Order.

21   11.   Confidential Information shall not be placed or deposited in any sort of
22 data bank or otherwise be made available to indiscriminate or general circulation to
23 lawyers, litigants, consultants, expert witnesses or any other persons or entities. This
24 paragraph and the other provisions of this Order shall not apply to Confidential
25 Information which, if challenged by any party, the Court rules are not entitled to
26 protection.

27   12.   The parties and their counsel as well as their technical consultants and
28 experts, shall also not sell, offer, advertise, publicize or provide under any condition

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

any Confidential Information produced by any other party to any competitor of any defendant or to any employee or consultants of any competitor (irrespective of whether they are retained as an expert by a party in this action) or to any other business or governmental entity or any employee or consultants (irrespective of whether they are retained as an expert by a party in this action) of any such entity engaged in the research, development, manufacturing or distribution of any pharmaceutical, biologic, medical device, or other FDA-regulated product.

13. If the non-designating party or any non-party uses any documents, materials, electronically-stored information, or other things that have been designated as "Confidential" pursuant to this Protective Order during the course of a deposition, that portion of the deposition record reflecting such "Confidential" information shall be sealed and stamped as "Confidential," and access thereto shall be limited pursuant to the other terms of this Protective Order. Counsel for the designating party may invoke the provisions of this Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or by designating the deposition transcript or portions thereof as "Confidential" before the time expires within which the witness may sign the deposition transcript. No person shall be present during portions of the depositions designated "Confidential" unless such person is authorized under the terms of this Order to receive Confidential information, or unless the producing party expressly consents to such person(s) being present. All information disclosed during a deposition shall be deemed to have been designated "Confidential" until the time within which the witness may sign the transcript expires, whether or not any portion of the transcript has been so designated previously.

14. Upon completion of the trial and appeals, if any, in the instant action, or at the satisfaction of any judgment, or upon the conclusion of any settlement, if any, the parties' attorneys in the instant case shall return to the disclosing party's counsel the Confidential Information and any and all copies, prints, and negatives in the

receiving party's possession or in the possession of that party's experts and consultants. To the extent that a non-designating party, its counsel, its experts or consultants have made summaries of Confidential Information, the non-designating party is not required to return those summaries upon the completion of trials and appeals; however, they will be required to maintain the confidentiality of that information indefinitely.

15. If a party inadvertently produces confidential information without the required "Confidential" marking, the producing party shall contact the receiving party within 30 days of discovering the inadvertent omission, and inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as confidential until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party, issues an order addressing the appropriate treatment of the subject material.

16. Pursuant to Rule 502 of the Federal Rules of Evidence, inadvertent production of documents or electronically-stored information ("ESI") (hereinafter collectively "Inadvertently-Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing as set forth. In the event that a party inadvertently produces documents or ESI subject to a claim of privilege, the producing party shall, within 30 days of the discovery of the inadvertent disclosure, notify the other party in writing of the inadvertent disclosure. The producing party may, in the notice, request a "clawback" of the inadvertently disclosed document or ESI. The party receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently-Produced Documents, and all copies, including any loaded to databases, and return them to the producing party or destroy them as agreed between the parties. All notes or other work product of the

receiving party, reflecting the contents of such materials, shall be destroyed and not used.

17. If the receiving party elects to file a motion as set forth below, the receiving party, subject to the requirements below, may retain possession of the Inadvertently-Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below, but shall segregate and not use them pending resolution of the motion. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of such Inadvertently- Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court.

18. The party receiving such Inadvertently-Produced Documents may, after receipt of the producing party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert the fact or circumstances of the inadvertent production to challenge whether the material is, in fact, privileged.

19. Pursuant to Federal Rule of Evidence 502(d), there is no waiver of privilege or work product protection in this matter or any other matter in any other jurisdiction for any document or ESI clawed-back under this clause, or for the subject matter of any such document or ESI, whether the privileged document or ESI was inadvertently provided following review or as part of a "Quick Peek" production. In the event that either party receives information produced in discovery from the other party that reasonably appears to be Inadvertently-Produced Documents, the receiving party shall promptly notify the producing party in writing of the apparently inadvertent production.

1  20. The determination of how any material designated as "CONFIDENTIAL" shall be used at the trial of this case, if any, is not made at this time. Rather, any such determination will be made prior to trial.

DATED: December 19, 2014

LAW OFFICES OF THOMAS E. ROCKETT, III

By  /S/ Thomas E. Rockett, III
    Thomas E. Rockett, III
    Attorneys for Plaintiffs

DATED: December 19, 2014

REED SMITH LLP

By  /S/ Eric J. Buhr
    Michael K. Brown
    Eric J. Buhr
    Kevin G. Lohman
    Kevin M. Hara
    Attorneys for Defendants
    C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

I, Eric J. Buhr, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

IT IS SO ORDERED.

Dated 12/23/14

*/s/ Patrick J. Walsh*

PATRICK J. WALSH
U.S. MAGISTRATE JUDGE

Case No. 2:14-cv-8871-FMO-PJW      - 8 -

# EXHIBIT 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SPRING STREET COURTHOUSE

| SUZY STONE; JONATHAN STONE; JESSICA STONE,<br><br>Plaintiffs,<br><br>vs.<br><br>C.R. BARD, INC., BARD PERIPHERAL VASCULAR, INC.; and DOES 1 TO 100,<br><br>Defendants. | Case No. 2:14-cv-8871-FMO-PJW<br><br>**AGREEMENT TO MAINTAIN CONFIDENTIALITY** |
|---|---|

The undersigned agrees:

I hereby attest to my understanding that documents, materials, electronically-stored information, or other information designated confidential are provided to me subject to the Confidentiality Stipulation and Protective Order Re: Confidential Information, dated _____, 20__ (the "Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Protective Order is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

Case No. 2:14-cv-8871-FMO-PJW        - 1 -

1  I further agree that I shall not disclose to others, except in accordance with the
2  Protective Order, any Confidential Information, as defined therein, or any portions
3  thereof, in any form whatsoever, and that such Confidential Information may be used
4  only for the purposes authorized and permitted by the Protective Order. I further agree
5  and attest to my understanding that my obligation to honor the confidentiality of such
6  Confidential Information will continue even after this litigation concludes.
7  I further agree and attest to my understanding that, if I fail to abide by the terms
8  of the Protective Order, I may be subject to sanctions, including contempt of court, for
9  such failure. I agree to be subject to the jurisdiction of the United States District
10 Court, Central District of California, for the purposes of any proceedings relating to
11 enforcement of the Protective Order.
12 I further agree to be bound by and to comply with the terms of the Protective
13 Order as soon as I sign this Agreement, whether or not the Protective Order has yet
14 been signed by the Court.

Date: _____

By: _____

Subscribed and sworn to before me this ____ day of _____, 2015.

_____
Notary Public

Case No. 2:14-cv-8871-FMO-PJW        - 2 -